UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC., a Delaware Corporation, | |
| Plaintiff, | **OPINION** |
| v. | Civ. No. 11-3219 (WHW) |
| MIMAR INVESTMENT CO., a Virginia Corporation; JAMES M. KOKOLIS, an individual; and PAULA KOKOLIS, an individual, | |
| Defendants. | |

**Walls, Senior District Judge**

Plaintiff Days Inns Worldwide Inc. ("DIW") moves for default judgment against defendants Mimar Investment Co. ("Mimar"), James M. Kokolis, and Paula Kokolis. Because the Court finds that default judgment is appropriate under Federal Rule of Civil Procedure 55(b)(2), DIW's motion is granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

DIW brings this suit based on a license agreement between DIW and Mimar dated July 2, 2008 ("License Agreement") for the operation of a 120-room guest lodging facility in Williamsburg, Virginia. Compl. ¶ 9, Ex. A. James M. Kokolis and Paula Kokolis are principals of Mimar who provided DIW with a guaranty of Mimar's obligations under the License Agreement. Id. ¶¶ 3–4, 18–20, Ex. B. Under Sections 3 and 5 of the License Agreement, Mimar was obligated to operate and maintain the facility as a Days Inn until April 2023 in compliance with standards set by DIW. Id. ¶¶ 9–10, Ex. A. During this period, Mimar was required to make periodic payments to DIW under Section 7 and Schedule C for certain recurring fees, including royalties, system assessments, taxes, and interest. Id. ¶ 11, Ex. A. Under Section 9 of the License

Agreement, Mimar was not permitted to lease the facility or to transfer or assign its interest in any way without DIW's prior written consent. Id. ¶ 15, Ex. A. Under Section 11 of the License Agreement, DIW reserved the right to terminate the license with notice to Mimar for certain specified reasons. Id. ¶ 16, Ex. A. Grounds for termination included where Mimar (a) discontinued operating the facility as a Days Inn and/or (b) lost possession or the right to possession of the facility. Id. Under Section 17.4, Mimar also agreed to pay all costs and expenses, including reasonable attorneys' fees, that DIW incurred to enforce or collect amounts owed under the License Agreement. Id. ¶ 17, Ex. A.

On or about November 4, 2010, DIW alleges that Mimar breached its obligations under Sections 9 and 11 of the License Agreement by relinquishing control of the facility to a third party without DIW's prior consent. Id. ¶ 21. DIW further alleges that Mimar thereby unilaterally terminated this agreement. Id. The Complaint does not allege that DIW sent written notice to Mimar that DIW intended to exercise a right to terminate the agreement under Section 11.2.

On June 3, 2011, DIW filed the present suit alleging breach of contract and unjust enrichment. Id. ¶¶ 27–35. After none of the defendants appeared in this action or answered the Complaint, DIW requested an entry of default on October 31, 2011. Request for Entry of Default, ECF No. 11. The Clerk entered default against all three defendants on November 1, 2011. On November 21, 2011, DIW moved for default judgment against all three defendants seeking damages in the amount of $115,516.13. Aff. of Suzanne Fenimore in Supp. of Mot. for Default J. ("Fenimore Aff.") ¶ 20. This amount consists of (1) $108,355.77 for recurring fees owed under the License Agreement, including prejudgment interest, and (2) $7,160.36 for attorneys' fees and costs. Id. ¶¶ 18–19.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. The power to grant default judgment "has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984) (quotation omitted). Because default judgment prevents a plaintiff's claims from being decided on the merits, "this court does not favor entry of defaults or default judgments." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984). Accordingly, the Third Circuit has clarified that, while "the entry of a default judgment is left primarily to the discretion of the district court," this "discretion is not without limits." Hritz, 732 F.2d at 1181. Cases should be "disposed of on the merits whenever practicable." Id. See also $55,518,05 in U.S. Currency, 728 F.2d at 194–95.

In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant." DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005). The court must, however, make "an independent inquiry into whether the unchallenged facts constitute a legitimate cause of action" and an "independent determination" regarding questions of law. Days Inn Worldwide, Inc. v. Mayu & Roshan, L.L.C., No. 06-1581, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007) (citations omitted). The Third Circuit has explained that three factors control whether a default judgment should ultimately be granted: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

**DISCUSSION**

I.    **Jurisdiction**

Before entering a default judgment as to a party "that has not filed responsive pleadings, a district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." Ramada Worldwide Inc. v. Benton Harbor Hari Ohm, L.L.C., No. 05-cv-3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008).

    A.  **Subject Matter Jurisdiction**

Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332. DIW is a Delaware corporation, with its principal place of business in New Jersey. Compl. ¶ 1. Defendant Mimar is a Virginia corporation, with its principal place of business in Virginia. Id. ¶ 2. Defendants James M. Kokolis and Paula Kokolis are citizens of the state of Virginia. Id. ¶¶ 3–4. The amount in controversy in the matter, exclusive of interests and costs, exceeds the sum of $75,000. See id. ¶¶ 30, 35, 39.

    B.  **Personal Jurisdiction**

This Court possesses personal jurisdiction over defendants Mimar, James M. Kokolis, and Paula Kokolis. Under Section 17.6.3 of the License Agreement, defendant Mimar consented and waived objection "to the non-exclusive personal jurisdiction and venue in . . . the United States District Court for the District of New Jersey." Compl. ¶ 6, Ex. A. Defendants James M. Kokolis and Paula Kokolis, as guarantors, acknowledged that this provision also applied to the terms of the guaranty. Id. ¶ 7, Ex. B. DIW also complied with the requirements for proper service of process necessary to establish personal jurisdiction. Lampe v. Xouth, Inc., 952 F.2d 697, 700-01 (3d Cir. 1991). Individual defendants James M. Kokolis and Paula Kokolis were personally served on July 4, 2011. Aff. of Service, ECF. No. 7. Mimar was served on July 4, 2011 under

Federal Rule of Civil Procedure 4(h) by personal service on James M. Kokolis, who was authorized to accept service on behalf of Mimar. Id.

## II. Liability

Because a party seeking a default judgment is not entitled to such relief as a matter of right, the court may enter a default judgment "only if the plaintiff's factual allegations establish the right to the requested relief." Nautilus Ins. Co. v. Triple C. Const. Inc., No. 10-2164, 2011 WL 42889, at *4 (D.N.J. Jan. 6, 2011). DIW brings claims against Mimar, James M. Kokolis, and Paula Kokolis for breach of contract seeking recurring fees owed under the License Agreement.[1] DIW also seeks to recover attorney fees and costs from the defendants.

Pursuant to the choice of law clause in Section 17.6.1 of the License Agreement, New Jersey law governs the breach of contract claim. Compl. Ex. A. To establish liability for breach of contract, DIW bears the burden of showing that (1) the parties entered into a valid contract, (2) breach of the obligations under that contract, and (3) damages resulting from the breach. Murphy v. Implicito, 920 A.2d 678, 689 (N.J. Super. Ct. App. Div. 2007). DIW adequately alleges that Mimar breached the validly executed License Agreement by failing to pay DIW the recurring fees owed under Sections 7, 9, and 18.1 of the License Agreement and that DIW suffered damages as a result. Compl. ¶¶ 28–30; Fenimore Aff. ¶¶ 12–13, 15. The joint and several liability of James M. Kokolis and Paula Kokolis is established based on the terms of the separate guaranty under which these two individual defendants agreed to guaranty Mimar's obligations under the License Agreement. Compl. ¶¶ 37–39, Ex. B.

---

[1] Although the Complaint also asserts a claim to recover the recurring fees under a theory of unjust enrichment, Compl. ¶¶ 31–35, the Court need not consider the sufficiency of this claim because it finds that DIW has established liability for these fees under its related breach of contract claim.

5

### III. Propriety of Entry of Default Judgment

The Court has already established that DIW has properly asserted this Court's jurisdiction over the case and the parties, the Clerk of the Court has entered default against the defendants, and DIW has established legitimate causes of action for breach of contract. The Court must next determine whether default judgment is appropriate by evaluating the prejudice to the plaintiff if default is denied, whether the defendant appears to have a litigable defense, and whether the failure to respond was due to culpable conduct. Chamberlain, 210 F.3d at 164. These factors support the issuance of a default judgment against the defendants.

If a default judgment is not entered, the plaintiff DIW will be prejudiced because it will not be able to recover damages for its injuries due to the defendants' continuing refusal to participate in this case. See Newman v. Axiom Worldwide, No. 06-cv-5564, 2010 WL 2265227, at *5 (D.N.J. June 2, 2010). Furthermore, the amounts owed on the recurring fees and the liquidated damages are subject to interest, causing additional harm to the plaintiff as recovery is delayed. See Howard Johnson Int'l., Inc. v. Patel, No. 11-cv-918, 2011 WL 2148575, at *4 (D.N.J. May 31, 2011).

Defendants Mimar, James M. Kokolis, and Paula Kokolis have not appeared or filed anything before this Court despite personal service on all three defendants in July 2011. The Court assumes that the defendants have no litigable defense available because they have not appeared to offer any defense and the facts asserted in the Complaint do not contain any information that could provide the basis for a meritorious defense. See Rose Containerline, Inc. v. Omega Shipping Co., No. 10-cv-4345, 2011 WL 1564637, at *3 (D.N.J. Apr. 25, 2011). The Court also presumes that the defendants acted culpably because they have failed to answer, move, or otherwise respond. See Stonebridge Bank v. Nita Props., LLC, No. 09-cv-5145, 2011

WL 380759, at *6 (D.N.J. Jan. 31, 2011). The Third Circuit has defined culpable conduct as conduct that is "taken willfully or in bad faith." Chamberlain, 210 F.3d at 164. "Reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard." Hritz v. Woma Corp., 732 F.2d 1178, 1183 (3d Cir. 1984). The defendants have disregarded all communications from DIW related to this lawsuit and the record does not suggest any good faith justification for the failure to respond. There is no evidence before the Court that the "failure to respond to plaintiff's complaint was caused by anything other than defendants'own culpability and willful negligence." Platypus Wear, Inc. v. Bad Boy Club, Inc., No. 08-cv-2662, 2009 WL 2147843, at *5 (D.N.J. July 15, 2009).

**IV.    Damages**

The only allegations in a plaintiff's complaint not treated as true upon the entry of a default judgment are those pertaining to the amount of damages. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). Under Federal Rule of Civil Procedure 55(b)(2), a district court "may conduct such hearing or order such references as it deems necessary and proper" in order "to determine the amount of damages." If the damages are for a "sum certain or for a sum which can by computation be made certain," further evidentiary inquiry is not necessary. Fed. R. Civ. P. 55(b)(1); Comdyne I, 908 F.2d at 1149.

DIW now requests default judgment awarding damages in the amount $115,516.13. Fenimore Aff. ¶¶ 18–20. DIW's damages asserted under the breach of contract claim do not require further inquiry and will be awarded by the Court. The recurring fees due can be computed by formulas specified under the License Agreement. See Ramada Worldwide Inc. v. ERS Investments Inc., No. 07-cv-1095, 2008 WL 163640, at *6 (D.N.J. Jan. 16, 2008). The itemized statement submitted by DWI supports its claim for recurring fees of $108,355.77.

7

Fenimore Aff. ¶ 18, Ex. C. DIW also sufficiently establishes the costs and attorney's fees. Under Section 17.4 of the License Agreement, Mimar agreed to pay all costs and expenses, including reasonable attorneys' fees, that DIW incurred to enforce or collect amounts owed under the agreement. Id. ¶ 19, Ex. A. Attorneys' fees clauses are enforceable under New Jersey law. See North Bergen Rex Transport, Inc. v. Trailer Leasing Co., 730 A.2d 843, 848 (N.J. 1999). Federal Rule of Civil Procedure 54 further provides that "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). DIW's request for $6,043.95 in attorneys' fees and $1,116.41 in costs will be granted based on the supporting documentation submitted. Certification of Bryan P. Couch, Esq. in Supp. of Mot. for Default J. ¶¶ 11–13, Ex. B.

## CONCLUSION

Because the Court finds that default judgment is appropriate in this matter and DIW has adequately established a claim for liability and the amount of damages, DIW's motion for default judgment as to defendants Mimar, James M. Kokolis, and Paula Kokolis is granted.

March 19, 2012

s/ William H. Walls
United States Senior District Judge
